IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JACQUELINE MCNEILL,  )
    Plaintiff,  ) Case No.:
)
v.  )
)
CENTURY FINANCIAL SERVICES, INC.,) COMPLAINT AND DEMAND FOR
    Defendant.  ) JURY TRIAL
)
) **(Unlawful Debt Collection Practices)**

## COMPLAINT

JACQUELINE MCNEILL ("Plaintiff"), by and through her attorney, ANGELA K. TROCCOLI, ESQUIRE and Kimmel & Silverman, P.C., alleges the following against CENTURY FINANCIAL SERVICES, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Connecticut and as such personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is natural person residing in Northford, Connecticut 06472 at the time of the alleged harassment.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant is a debt collection company with its principal place of business located at 23 Maiden Lane, North Haven, Connecticut 06473.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

12. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

13. The alleged debt Defendant was seeking to collect, a medical bill from Yale in the amount of $150.00, arose out of transactions that were primarily for personal, family, or household purposes.

14. At the time Defendant contacted Plaintiff to collect the alleged debt, the debt had already been paid in full.

15. Plaintiff disputed the amount Defendant was seeking to collect, as no debt was owed.

16. Beginning in October 2014 and continuing through December 2014, Defendant contacted Plaintiff seeking to collect the very same disputed debt.

17. Defendant called Plaintiff's cellular telephone and spoke with Plaintiff, who informed Defendant that the debt had been paid.

18. Despite Plaintiff's representations, Defendant continued to contact Plaintiff seeking and demanding payment of the alleged debt.

19. In addition to calling Plaintiff's cellular telephone, Defendant also called Plaintiff's parents' home telephone number.

20. Defendant disclosed to Plaintiff's mother it was a debt collector seeking to collect a debt from "Jacqueline."

21. Defendant did not have Plaintiff's permission to disclose debt information to any third party, including her mother.

22. Plaintiff's mother advised Defendant that she was not "Jacqueline," that this was not Jacqueline's phone number, and to stop calling her house before she called the police to file a complaint for harassment.

23. Defendant, after calling Plaintiff's mother, called Plaintiff on her cellular telephone and acknowledged that it had disclosed information to her mother that it should not have disclosed.

24. Defendant threatened Plaintiff that if she did not make payment on the alleged debt that the creditor, Yale, may take further legal action against her.

PLAINTIFF'S COMPLAINT

25. Upon information and belief, no legal action was intended to be taken against Plaintiff and could not be taken, as the debt had already been paid.

26. Further, Defendant also called Plaintiff's aunt and disclosed to her that it was a debt collector seeking to collect a debt from "Jacqueline."

27. Defendant did not have Plaintiff's permission to disclose debt information to Plaintiff's aunt.

28. Plaintiff's aunt advised Defendant that that it was calling the wrong number.

29. Finally, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notification of her rights to dispute the debt and/or request validation of the debt, as well as provide her with the name of the creditor and the amount of the alleged debt.

## COUNT I

27. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692c(b).

   a. A debt collector violates § 1692c(b) of the FDCPA by communicating, in connection with the collection of a debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, without the prior consumer of the consumer given directly to the debt collector.

   b. Defendant violated § 1692c(b) of the FDCPA when it communicated, in connection with the collection of a debt, with a third party, Plaintiff's mother and aunt, without having Plaintiff's express permission to do so.

## COUNT II

28. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692d.

    a. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b. Here, Defendant violated § 1692d of the FDCPA by continuing to contact Plaintiffs after being informed, that the debt was disputed and this debt had been paid.

## COUNT III

29. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(5) of the FDCPA.

    a. A debt collector violates § 1692e of the FDCPA by using any false, deceptive or misleading representations or means in connection with the collection of any debt.

    b. A debt collector violates § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any debt.

    c. A debt collector violates § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

    d. Here, Defendant violated §§ 1692e, 1692e(2)(A) and 1692e(5) of the FDCPA by threatening to take legal action against Plaintiff, when it did not intend to take the threatened action and/or legally could not take the threatened action, as well as false representing the amount the debt to

Plaintiff.

### COUNT IV

30. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692f and 1692f(1).

    a. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

    b. A debt collector violates § 1692f(1) of the FDCPA by collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law

    c. Here, Defendant violated §§ 1692f and 1692f(1) of the FDCPA when it failed to update its records to cease communications with Plaintiff after being informed that the debt was disputed and that the debt had been paid; and by attempting to collect an amount from Plaintiff that was not authorized by the agreement creating the debt and/or by law.

### COUNT V

31. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

    a. A debt collector violates § 1692g(a) of the FDCPA by failing, within five days after the initial communication with a consumer in connection with the collection of a debt, to send the consumer a written notice containing

    (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

  b. Here, Defendant violated § 1692g(a) of the FDCPA by failing to send Plaintiff written notification of her rights to dispute the debt, request verification of the debt and/or to request information about the creditor within five (5) days of its initial communication with her.

WHEREFORE, Plaintiff, JACQUELINE MCNEILL, respectfully prays for a judgment as follows:

  a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

      d.      Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JACQUELINE MCNEILL, demands a jury trial in this case.

 

RESPECTFULLY SUBMITTED,

JACQUELINE MCNEILL
By her Attorney,

*/s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com

Dated: April 17, 2015